IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN DAWN, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | COURT NO. |

# COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff American Dawn, Inc. ("American Dawn" or "ADI") brings this action to obtain a judgment directing the reliquidation of its entries of imported merchandise and the refund of all duties unlawfully assessed and collected pursuant to executive orders issued under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 *et seq.*, together with interest thereon as provided by law.

2. On February 20, 2026, the Supreme Court of the United States held in *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026), that IEEPA does not authorize the President to impose tariffs on imported merchandise. The Court affirmed the judgment of the United States Court of Appeals for the Federal Circuit in *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025) (en banc), which had affirmed in relevant part this Court's ruling in *V.O.S.*

1

        *Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025), declaring the challenged IEEPA tariff orders unlawful.

3. On March 5, 2026, this Court issued an amended order in *Atmus Filtration, Inc. v. United States*, No. 26-01259 (Ct. Int'l Trade Mar. 5, 2026) (Eaton, J.), holding that all importers of record whose entries were subject to IEEPA duties are entitled to the benefit of the *Learning Resources* decision, and directing CBP to liquidate all unliquidated entries without regard to the IEEPA duties, and to reliquidate any liquidated entries for which liquidation is not final.

4. The Supreme Court's February 20, 2026 decision did not establish a mechanism for the refund of IEEPA duties already collected. The question of how to effectuate refunds of those duties has fallen to this Court to resolve. American Dawn is an importer of record that paid substantial IEEPA duties to U.S. Customs and Border Protection ("CBP") on entries of merchandise made on and after February 4, 2025. American Dawn brings this action to ensure that its right to full refund of those unlawfully collected duties—plus interest—is preserved and enforced by this Court, and to protect against any stay of, or appellate challenge to, the *Atmus Filtration* amended order that could otherwise deprive non-litigants of its benefit.

## THE PARTIES

5. Plaintiff American Dawn, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 401 W. Artesia Blvd, Compton, CA 90220. American Dawn is an importer of record within the meaning of 19 U.S.C. § 1484(a) and has made entries of merchandise into the customs territory of the

United States that are subject to the Challenged Tariff Orders defined below. American Dawn has paid IEEPA duties to CBP in connection with those entries.

6. Defendant is the United States. CBP is the agency within the United States Department of Homeland Security charged with the appraisement, classification, liquidation, and collection of duties on imported merchandise, including the IEEPA duties at issue in this action. *See* 19 U.S.C. §§ 1500, 1501, 1502, 1504, 1505.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(1)(B) and (i)(1)(D). Section 1581(i) provides this Court with exclusive jurisdiction over any civil action commenced against the United States that arises out of any law of the United States providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue," 28 U.S.C. § 1581(i)(1)(B), and over "administration and enforcement with respect to the matters referred to" in the foregoing provisions, 28 U.S.C. § 1581(i)(1)(D).

8. The Challenged Tariff Orders purported to modify the Harmonized Tariff Schedule of the United States (HTSUS), which has statutory status. *See* 19 U.S.C. §§ 1202, 3004(c)(1); Pub. L. No. 100-418, § 1204(c)(1), 102 Stat. 1107, 1149 (1988). Accordingly, this action arises out of a law providing for tariffs and duties within the meaning of 28 U.S.C. § 1581(i). *See V.O.S. Selections*, 772 F. Supp. 3d at 1365–67; *Atmus Filtration*, No. 26-01259, Amended Order at 1–2 (confirming § 1581(i) jurisdiction for IEEPA refund claims).

9. The Supreme Court confirmed that this Court, and not the federal district courts, has exclusive jurisdiction over challenges to the IEEPA tariffs. *Learning Resources*, 607 U.S.

at ___ (slip op. at 4 n.1) (vacating the judgment of the United States District Court for the District of Columbia on jurisdictional grounds and holding that § 1581(i)(1) provides this Court with exclusive jurisdiction).

10. The protest remedy under 19 U.S.C. § 1514 and 28 U.S.C. § 1581(a) does not bar the exercise of this Court's residual jurisdiction under § 1581(i) because that remedy would be futile. The IEEPA duties were assessed by CBP pursuant to Presidential executive orders and were not the product of a protestable CBP decision. *See AGS Co. Automotive Solutions v. United States*, Slip Op. 25-154, at *7 (Ct. Int'l Trade Dec. 15, 2025) (citing *Thomson Consumer Elecs., Inc. v. United States*, 247 F.3d 1210, 1215 (Fed. Cir. 2001)) (holding that § 1581(i) is the proper jurisdictional basis because filing a protest is "an utter futility" where "Customs is powerless to perform any active role in the determination of the constitutionality of the assessment"; "[w]hile the Executive Orders are extant, there is no Customs decision of a type that can be made and protested; hence no § 1514 finality of liquidation occurs"). Even if protest were theoretically available, this Court has independently ordered CBP to reliquidate non-final entries without IEEPA duties, rendering any administrative protest parallel, not prerequisite. *Atmus Filtration*, No. 26-01259, Amended Order at 2–3.

11. This action is timely. The statute of limitations for actions brought under 28 U.S.C. § 1581(i) is two years from the date the cause of action first accrued. 28 U.S.C. § 2636(i). The earliest Challenged Tariff Orders were published in the Federal Register on February 7, 2025. 90 Fed. Reg. 9113 (Feb. 7, 2025). This action is filed well within the two-year limitations period.

12. Venue is proper in this Court. 28 U.S.C. § 2631(i).

**FACTUAL BACKGROUND**

A. <u>The IEEPA Tariff Regime</u>

13.  In 1977, Congress enacted the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701 *et seq.*, to grant the President authority to regulate economic transactions in response to declared national emergencies. The statute permits the President to "investigate, block during the pendency of an investigation, regulate, direct and compel, nullify, void, prevent or prohibit, any acquisition, holding, withholding, use, transfer, withdrawal, transportation, importation or exportation of, or dealing in, or exercising any right, power, or privilege with respect to, or transactions involving, any property in which any foreign country or a national thereof has any interest." 50 U.S.C. § 1702(a)(1)(B). IEEPA does not contain the word tariff or duty. *See Learning Resources*, 607 U.S. at ___ (slip op. at 14) ("Absent from this lengthy list of specific powers is any mention of tariffs or duties.").

14.  Beginning in February 2025, President Trump issued a series of executive orders purporting to impose tariffs under IEEPA authority. The principal orders at issue in this action (the "Challenged Tariff Orders") are:

   (a)   Executive Order 14193, 90 Fed. Reg. 9113 (Feb. 7, 2025), imposing a 25% ad valorem tariff on goods imported from Canada, including a 10% rate on energy products, effective March 4, 2025;

   (b)   Executive Order 14194, 90 Fed. Reg. 9117 (Feb. 7, 2025), imposing a 25% ad valorem tariff on goods imported from Mexico, effective March 4, 2025;

   (c)   Executive Order 14195, 90 Fed. Reg. 9121 (Feb. 7, 2025), imposing a 10% ad valorem tariff on goods imported from China, effective February 4, 2025;

    (d)    Executive Order 14228, 90 Fed. Reg. 11463 (Mar. 7, 2025), increasing the additional tariff on Chinese goods from 10% to 20%;

    (e)    Executive Order 14257, 90 Fed. Reg. 15041 (Apr. 7, 2025), imposing so-called "reciprocal" tariffs on imports from virtually all trading partners, effective April 5, 2025, including a 10% universal baseline rate and higher country-specific rates.

15. Under the reciprocal tariff regime established by Executive Order 14257, country-specific rates were established that replaced—rather than stacked upon—the 10% universal baseline rate. Goods from countries assigned a country-specific reciprocal rate were subject only to that rate, not to the 10% universal rate in addition. *See* Executive Order 14257, 90 Fed. Reg. 15041, 15045 (Apr. 7, 2025); CBP, CSMS #64680374, "Guidance—Reciprocal Tariffs, April 5 and April 9, 2025, Effective Dates" (Apr. 8, 2025) (directing that country-specific ad valorem duty rates replace the 10% additional ad valorem duty under HTSUS 9903.01.25).

16. American Dawn's entries include goods from multiple countries subject to the Challenged Tariff Orders, including goods from China, Pakistan, Cambodia, India, and other countries of origin, across multiple HTSUS subheadings. As the importer of record, American Dawn paid IEEPA duties on those entries to CBP.

**B. The Supreme Court's Ruling**

17. In 2025, multiple importers and states filed suit in this Court challenging the IEEPA tariff regime. The lead case was *V.O.S. Selections, Inc. v. United States*, consolidated with *State of Oregon v. United States*. On May 28, 2025, this Court granted summary judgment to the plaintiffs, holding that IEEPA does not authorize any of the Challenged Tariff Orders and permanently enjoining their enforcement. *V.O.S. Selections*, 772 F. Supp. 3d at 1383.

18. The Federal Circuit, sitting en banc, affirmed in relevant part. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025). The Federal Circuit affirmed the CIT's declaratory judgment that IEEPA does not authorize the challenged tariffs, but vacated the permanent injunction and remanded for the CIT to reconsider the scope of injunctive relief in light of the Supreme Court's intervening decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). *Id.* at 1340.

19. The Supreme Court affirmed on February 20, 2026, holding 6-3 that IEEPA does not authorize the President to impose tariffs. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026). The Court simultaneously vacated the judgment of the United States District Court for the District of Columbia in the companion *Learning Resources* case on jurisdictional grounds, confirming this Court's exclusive jurisdiction over IEEPA tariff claims. That same day, President Trump issued an executive order providing that all IEEPA tariffs "shall no longer be in effect and, as soon as practicable, shall no longer be collected." Executive Order, "Ending Certain Tariff Actions" (Feb. 20, 2026). CBP ceased collection of IEEPA duties effective February 24, 2026.

20. On March 2, 2026, the Federal Circuit issued its mandate in *V.O.S. Selections*, returning the case to this Court and declining the government's request for a 90-day stay.

### C. The Atmus Filtration Order and Ongoing Refund Proceedings

21. On March 5, 2026, this Court (Eaton, J.) issued a broad amended order in *Atmus Filtration, Inc. v. United States*, No. 26-01259, holding that all importers of record whose entries were subject to IEEPA duties are entitled to the benefit of the *Learning Resources* decision. The

Court directed CBP to: (a) liquidate all unliquidated entries without regard to the IEEPA duties, and (b) reliquidate any liquidated entries for which liquidation is not final without regard to the IEEPA duties. The Chief Judge of this Court has designated Judge Eaton as the sole judge for all IEEPA refund cases.

22. The government has repeatedly represented that it will not oppose reliquidation and that any refunds will include interest. *See AGS Co. Automotive Solutions*, Slip Op. 25-154, at *3–4 (citing government representations that "[s]uch reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest").

23. Despite the *Atmus Filtration* amended order, significant uncertainty remains. The *Atmus Filtration* amended order does not address the recovery of duties on entries for which liquidation is final (i.e., entries liquidated more than 180 days ago for which no timely protest was filed). The government is expected to appeal the *Atmus Filtration* amended order and may seek a stay at the Federal Circuit. In a declaration filed with this Court on March 6, 2026, Brandon Lord, Executive Director, Trade Programs Directorate, Office of Trade, CBP, represented that more than 330,000 importers have made a total of more than 53 million entries subject to IEEPA duties, and that the total amount of IEEPA duties collected is approximately $166 billion. Lord further represented that CBP's "existing administrative procedures and technology are not well suited to a task of this scale" and that CBP anticipates requiring approximately 45 days to develop new system functionality to process refunds. Declaration of Brandon Lord, Executive Director, Trade Programs Directorate, Office of Trade, CBP (Mar. 6, 2026), filed in *Atmus Filtration*, No. 26-01259 ("Lord Decl."). Counsel for the government further represented at the March 4, 2026 hearing and in subsequent filings that the government does not take the position that every

importer will receive a refund, and that importers must file claims before this Court to obtain refunds. The government has also indicated that it intends to appeal the *Atmus Filtration* amended order and to seek a stay of that amended order at the Federal Circuit pending appeal. American Dawn files this complaint to preserve its rights as a litigant before this Court and to ensure access to judicial relief regardless of the outcome of any appeal or administrative proceedings.

**D. American Dawn's Entries and Damages**

24. American Dawn, as the importer of record, imported merchandise into the United States that was subject to IEEPA duties under one or more of the Challenged Tariff Orders beginning on or about February 4, 2025. Such merchandise included goods from China, Pakistan, Cambodia, India, and other countries of origin, entered under multiple HTSUS subheadings subject to the fentanyl trafficking tariffs and/or the reciprocal tariffs imposed by the Challenged Tariff Orders.

25. CBP assessed and collected IEEPA duties on American Dawn's entries. American Dawn, as importer of record, paid those duties to CBP. American Dawn has suffered substantial economic harm as a direct result of the unlawful assessment and collection of IEEPA duties, including the overpayment of duties in amounts to be determined at or before trial, together with interest as provided by law. *See* 19 U.S.C. § 1505(b)–(c).

26. A schedule of American Dawn's entries subject to IEEPA duties, including the HTSUS subheadings under which such entries were made, the countries of origin of the relevant merchandise, and the amounts of IEEPA duties paid on such entries, will be provided in accordance with this Court's scheduling and discovery orders.

27. American Dawn filed administrative protests with CBP with respect to certain early entries at issue. American Dawn has not filed protests with respect to all entries at issue, nor is it required to do so. As set forth above, protest is futile with respect to IEEPA duties assessed pursuant to Presidential executive orders because CBP has no authority to rule on the legality of those orders. *See AGS Co. Automotive Solutions*, Slip Op. 25-154, at *7 (citing *Thomson Consumer Elecs., Inc. v. United States*, 247 F.3d 1210, 1215 (Fed. Cir. 2001)). To the extent American Dawn has filed protests on certain entries, the pendency or disposition of those protests does not divest this Court of jurisdiction under 28 U.S.C. § 1581(i), nor does it require American Dawn to exhaust the administrative protest remedy before seeking relief in this Court. *See id.*; *see also United States v. U.S. Shoe Corp.*, 523 U.S. 360, 365–66 (1998).

## FIRST CAUSE OF ACTION

**Declaratory Judgment — The Challenged Tariff Orders Exceed the President's Statutory Authority Under IEEPA**

(28 U.S.C. §§ 1581(i), 2201, 2643; 50 U.S.C. § 1702)

28. American Dawn incorporates by reference the allegations of paragraphs 1 through 27 as though fully set forth herein.

29. The Supreme Court held in *Learning Resources*, 607 U.S. at ___, that IEEPA does not authorize the President to impose tariffs on imported goods. The Challenged Tariff Orders are therefore contrary to law, in excess of the President's statutory authority, and void *ab initio*.

30. American Dawn is entitled to a declaratory judgment that the Challenged Tariff Orders were and are unlawful and that the duties assessed, collected, and retained pursuant to those Orders were imposed without legal authority and must be fully refunded.

## SECOND CAUSE OF ACTION

### Reliquidation and Refund of Unlawfully Collected Duties

(28 U.S.C. §§ 1581(i), 2643(c)(1); 19 U.S.C. § 1505(b))

31. American Dawn incorporates by reference the allegations of paragraphs 1 through 30 as though fully set forth herein.

32. CBP assessed, collected, and retained IEEPA duties on American Dawn's entries of merchandise pursuant to the Challenged Tariff Orders. Those duties were unlawfully imposed and collected because IEEPA does not authorize the President to impose tariffs. *Learning Resources*, 607 U.S. at ___.

33. This Court has broad authority to order reliquidation and to order refund of any amount collected as the result of the liquidation. 28 U.S.C. § 2643(c)(1). This authority extends to entries that have been liquidated—whether or not protest was filed—where, as here, the duties assessed were unlawful as a matter of law. *See Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1312 (Fed. Cir. 2004); *Atmus Filtration*, No. 26-01259, Amended Order at 2–3; *AGS*, Slip Op. 25-154, at *6.

34. American Dawn is entitled to an order directing CBP to reliquidate all of its entries subject to IEEPA duties without regard to such duties and to refund to American Dawn all IEEPA duties paid, together with interest as provided by 19 U.S.C. § 1505(b)–(c).

///

## THIRD CAUSE OF ACTION

### Injunctive Relief — Preservation of Rights

(28 U.S.C. §§ 1581(i), 2643(c))

35. American Dawn incorporates by reference the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. American Dawn is entitled to injunctive relief prohibiting the United States from treating any of American Dawn's entries subject to IEEPA duties as finally liquidated without first providing American Dawn with an opportunity to obtain reliquidation and refund of any IEEPA duties assessed thereon.

37. CBP's mass-reliquidation process for IEEPA duties is proceeding on an uncertain and extended timetable. At a closed conference on March 6, 2026, this Court suspended the operative provisions of its March 5, 2026 amended order after CBP represented, through the Lord Declaration, that its existing administrative procedures and technology are not suited to mass refund processing of more than 53 million affected entries involving approximately $166 billion in IEEPA duties, and that new system functionality will require approximately 45 days to develop. Lord Decl. ¶¶ 12, 17, 29. The government further represented on the record that it does not take the position that every importer will receive a refund automatically, and that importers must file individual claims before this Court to obtain relief. The government has indicated that it intends to appeal the *Atmus Filtration* amended order and to seek a stay pending appeal, which could further delay or prevent refunds for an extended period. In the absence of injunctive protection, the status of American Dawn's entries and refund rights may become uncertain as liquidation proceeds, potentially requiring additional litigation to obtain relief. Injunctive relief is therefore

necessary to preserve American Dawn's refund rights during the pendency of these proceedings.

38. The balance of hardships favors American Dawn. The IEEPA duties were declared unlawful by the Supreme Court. Requiring the United States to hold open the refund rights of an importer whose entries are actively before this Court imposes no cognizable burden on the government. The public interest likewise favors enforcement of an authoritative Supreme Court ruling establishing the limits of presidential tariff authority.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff American Dawn, Inc. respectfully requests that this Court:

(1) Enter a declaratory judgment that each of the Challenged Tariff Orders exceeds the President's statutory authority under IEEPA, is contrary to law, and is void ab initio;

(2) Order CBP to reliquidate all of American Dawn's entries subject to IEEPA duties, without regard to such duties, pursuant to 28 U.S.C. § 2643(c)(1);

(3) Order CBP to refund to American Dawn all IEEPA duties assessed and collected on its entries, together with interest thereon as provided by 19 U.S.C. § 1505(b)–(c);

(4) Enter injunctive relief preserving American Dawn's refund rights with respect to any entries that may otherwise become finally liquidated during the pendency of this action;

///

///

///

///

(5) Award American Dawn its costs of litigation to the extent permitted by law; and

(6) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 11, 2026

By: /s/ Catherine Sommer

**CATHERINE SOMMER, ESQ.**

STONE | DEAN LLP
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367
(747) 309-1129
CSOMMER@STONEDEANLAW.COM

ATTORNEY FOR PLAINTIFF AMERICAN DAWN, INC.

## **CERTIFICATE OF COUNSEL**

I, CATHERINE SOMMER, counsel of record for Plaintiff American Dawn, Inc., hereby certify that, to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions in this Complaint have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, and that the legal contentions herein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Date: March 11, 2026


By: /s/ Catherine Sommer

**CATHERINE SOMMER, ESQ.**

STONE | DEAN LLP
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367
(747) 309-1129
CSOMMER@STONEDEANLAW.COM

ATTORNEY FOR PLAINTIFF AMERICAN DAWN, INC.